## DISCIPLINARY CASES

2008–0762.  Cleveland Metro. Bar Assn. v. Poole.

On December 4, 2008, this court suspended respondent, Marcus Poole, for a period of one year and stayed the entire suspension on conditions, including probation. On July 7, 2010, the Board of Commissioners on Grievances and Discipline filed a certified panel report recommending that the stay of the one-year suspension be lifted and the entire one-year suspension imposed. On July 15, 2010, the court ordered respondent to show cause why the recommendation of the board should not be imposed. No objections were filed. Upon consideration thereof,

It is ordered and adjudged by the court that the previously imposed stay of the one-year suspension is revoked and that respondent, Marcus Poole, Attorney Registration Number 0040030, last known address in Cleveland, Ohio, shall serve the entire one-year suspension. It is further ordered that all other terms of the December 4, 2008, order shall remain in effect.

It is further ordered that respondent be taxed the costs of these proceedings in the amount of $951.76, which costs shall be payable to this court by certified check or money order on or before 90 days from the date of this order. It is further ordered that if these costs are not paid in full on or before 90 days from the date of this order, interest at the rate of 10% per annum shall accrue as of 90 days from the date of this order and the matter may be referred to the Attorney General for collection. It is further ordered that respondent may not apply for reinstatement until costs and all accrued interest are paid in full.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months or portion of six months of the suspension.

It is further ordered that respondent will not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that respondent shall keep the Clerk, the Cleveland Metropolitan Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.